**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BEATRIZ E. LOZANO,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | NO. CV 09-1545 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

    Beatriz E. Lozano filed this action on March 11, 2009. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on April 6 and April 8, 2009. (Dkt. Nos. 8-9.) On November 5, 2009, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Commissioner submitted the certified administrative record ("AR"). The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the Court remands this matter to the Commissioner for further proceedings.

///

///

///

# I.

# PROCEDURAL BACKGROUND

On August 30 and September 2, 2004, respectively, Lozano filed applications for Supplemental Security Income and Disability Insurance benefits alleging a disability onset date of August 5, 2003.  AR 21, 67-74.  The applications were denied initially and upon reconsideration.  AR 43-46.  An Administrative Law Judge ("ALJ") conducted a hearing on January 23, 2007, at which Lozano and a vocational expert ("VE") testified.  AR 515-32.  On January 30, 2007, the ALJ issued a decision denying benefits.  AR 18-28.  On January 27, 2009, the Appeals Council denied Lozano's request for review.  AR 5-9.  This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found Lozano meets the insured status requirements through December 31, 2008. AR 23. Lozano has the following severe impairments: "morbid obesity with obstructive sleep apnea; diabetes; hypertension; and degenerative joint disease of the knees." AR 24. She "has the residual functional capacity to lift/carry 10 pounds occasionally, less than 10 pounds frequently, stand/walk 2 hours, and sit 6 hours in an 8 hour day. She is able to stand or walk for 1 hour continuously, and sit for 4 hours continuously. She is unable to climb ladders, ropes or scaffolds. She is able to occasionally b[a]lance[,] stoop, kneel, crouch or crawl. She should avoid all exposure to unprotected heights and dangerous moving machinery." *Id.* (citation omitted). Lozano remains "capable of performing past relevant work as director, day care." AR 27.

### C. Lozano's Subjective Symptom Testimony

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir.

1991) (en banc)). Here, the ALJ found that Lozano's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." AR 25.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

Here, the ALJ found no malingering. "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13,[1] quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a

---

[1] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ found that Lozano's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 25. However, the ALJ did not state any reasons for discounting her credibility. The ALJ's opinion, in pertinent part, states:

> Of course, the claimant's complaints and her limitations, have been noted and considered, and the residual functional capacity, as determined in this decision, does include limitations (some of which taken from the report of Dr. Cohen) which show that the claimant's allegations have not been totally disregarded or rejected.

AR 27.

At the hearing in January 2007, Lozano testified that she is 5'4" and weighs 488 pounds. AR 520-21. She cannot sit for more than 15-20 minutes because her legs start to go numb. AR 521. She cannot stand for more than 20 minutes because her legs start to shake and cramp. AR 523. If she falls, she cannot get up by herself. The last time she fell at home, the paramedics were called. AR 523-24. She cannot step up a curb by herself and cannot get on a bus. AR 524. She cannot walk an entire block, and it takes her about 15 minutes, with rest breaks, to walk from her house to the corner (which is about two houses away). AR 522, 530. Lozano estimated that it took her about an hour to do a "simple load of dishes" because she needs to take frequent breaks to sit down. AR 519-20. She gets winded from taking clothes out of the washing machine and placing them into the dryer, and from taking clothes out of the dryer and carrying them to the living room. AR 520. She cannot do her own grocery shopping or banking. AR 522. She has unstable balance on her knees. AR 526. She has sleep apnea

and falls asleep for several minutes several times per day. AR 521.

At best, it appears from the opinion that the ALJ discounted this testimony to the extent it was inconsistent with the examining physician's report on November 14, 2003. AR 26. The examining physician noted that Lozano "has a moderate to significantly antalgic gait" and "significant lymphedema in the lower extremities." AR 124. "Unable to assess the examination due to the fact that the patient was unable to go to the examination table due to the heavy weight." *Id.* Nevertheless, the examining physician opined that Lozano could "stand and walk for two hours in an eight-hour day, can sit for six hours in an eight hours day." *Id.* By contrast, Dr. Cheng treated Lozano during the period 2000-2006. In May 2006, Dr. Cheng noted that Lozano weighed 477 pounds. AR 392. Dr. Cheng opined that Lozano could sit for one hour at one time, stand for one hour at one time, and could not walk for any appreciable amount of time. AR 391. She could occasionally lift or carry up to 5 pounds. *Id.* She could not use her feet for pushing or pulling leg controls. *Id.* In June 2005, when Lozano weighed 491 pounds, another treating physician, Dr. Cohen, observed that it was "very difficult" for Lozano to walk and she was short of breath with minimal activities. AR 389-90. Lozano could sit for a total of four hours, stand for a total of one hour and walk for a total of one hour in an eight-hour day. AR 388. Both treating physicians opined that she was unable to work due to morbid obesity. AR 359, 394. The ALJ found the treating physicians' opinions "less persuasive" because they "contrast[ed] sharply with other evidence of record."[2] AR 26.

---

[2] Lozano does not challenge the validity of the ALJ's rejection of the treating physicians' opinions. Because this matter is being remanded, the Court notes that one of the ALJ's reasons for discounting the treating physicians' opinions – that treating physicians may express opinions out of sympathy with their patients (AR 27) – is not a valid basis for discounting a treating physician's opinion. *See Reddick v. Chater*, 157 F.3d 715, 725-26 (9th Cir. 1998) (ALJ's "skepticism of a treating physician's credibility" because physician was "compassionate and supportive of the patient" "flies in the face of clear circuit precedent"); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("The Secretary

In any event, even assuming the ALJ found the examining physician's opinion more persuasive, inconsistency between objective medical evidence and Lozano's degree of subjective symptoms cannot form the sole basis for discounting her testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ discounted Lozano's allegations of disabling pain in her back and knees on the ground that "there is no evidence that pain medication has been prescribed by her doctors which suggests that her pain may not be as severe as has been alleged." AR 26-27. This finding is not supported by substantial evidence. The record contains x-rays indicating degenerative joint disease of both knees and mild degenerative changes in the spine, and progress notes assessing Lozano with knee and back pain. AR 132, 155, 316, 395, 439, 443-44, 451, 472-73. In addition, the record contains evidence of prescriptions for medications and a referral for joint injection. AR 135 (medication "for knee pain"), 479 (10/22/07 ibuprofen 600 mg and referral for joint injection).

The ALJ did not offer specific, clear and convincing reasons for discounting Lozano's credibility.

**D.     Remedy**

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). A court must analyze whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.*

---

may not assume that doctors routinely lie in order to help their patients collect disability benefits.") (citation and quotation marks omitted).

The VE testified that a person who could sit for 20 minutes at a time, stand for 20 minutes at a time, and walk for about five minutes at a time could not perform Lozano's past relevant work. AR 530. The ALJ inquired only about past relevant work, and did not conduct a Step Five inquiry. Therefore, remand is warranted at Step Five. When, as here, remand for further proceedings is required before a disability determination can be made, the credit-as-true rule for a claimant's credibility does not apply. *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009). The other factors identified by *Vasquez* are also inapplicable. Lozano is not of advanced age, and she has not experienced a "severe delay" in her application. *Id.* at 593-94. However, the ALJ must reevaluate Lozano's credibility.

## IV.
## ORDER

IT IS HEREBY ORDERED that the matter is remanded to the Commissioner at Step Five of the sequential analysis and for reevaluation of Lozano's credibility.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 1, 2010

_____
ALICIA G. ROSENBERG
United States Magistrate Judge